# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

    **v.**                                    **Case No. 09-CR-20**

**LEWIS JUDKINS,**
        **Defendant.**

---

## <u>ORDER</u>

Defendant Lewis Judkins pleaded guilty to conspiracy to possess with intent to distribute and distribute 5+ kilograms of cocaine and 50+ grams of crack cocaine.  At his May 26, 2010, sentencing hearing, I adopted a base offense level of 34 based on a drug weight of 15-50 kilograms of cocaine, U.S.S.G. § 2D1.1(c)(3) (2009); added 4 levels based on defendant's aggravated role in the offense, U.S.S.G. § 3B1.1(a); and then subtracted 3 levels for acceptance of responsibility, U.S.S.G. § 3E1.1, for a final level of 35.  Coupled with defendant's criminal history category of III, I adopted a guideline imprisonment range of 210-262 months. On consideration of the factors in 18 U.S.C. § 3553(a), I sentenced defendant to 180 months in prison.  The Seventh Circuit dismissed his direct appeal of the sentence.  <u>United States v. Judkins</u>, 405 Fed. Appx. 61 (7th Cir. 2010).

On February 29, 2012, defendant requested a sentence modification pursuant to the Fair Sentencing Act ("FSA") of 2010 and accompanying guideline amendments, <u>see</u> 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(c) (2011) (Amendment 750), which reduced the disparity between the treatment of crack cocaine and powder cocaine.  On June 27, 2012, I denied the request, noting that defendant's guideline range was based on the weight of powder cocaine

involved in the offense; the changes regarding crack cocaine did not lower his range. See United States v. Dumes, 322 Fed. Appx. 460, 460-61 (7th Cir. 2009) ("While Dumes participated in a conspiracy that involved the distribution of powder cocaine and crack cocaine, he was sentenced based on the sentencing guidelines for powder cocaine. Thus, the district court did not err in denying Dumes's § 3582 motion because Dumes is ineligible for a reduction under the amendments to § 3582.").

On May 13, 2015, defendant (by counsel) filed an unopposed motion to modify his sentence pursuant to guideline Amendment 782, which reduced offense levels in all drug trafficking cases by 2. I granted that motion, reducing the sentence to 168 months.

On December 14, 2015, defendant filed a pro se letter-motion seeking a 2 level reduction based on the crack law that went into effect in 2010-11.[1] As indicated above, defendant is ineligible for a reduction based on the crack amendments because his offense level was based on cocaine. Further, successive § 3582(c)(2) motions based on the same guideline amendment are prohibited. United States v. Beard, 745 F.3d 288, 291-92 (7th Cir. 2014).

THEREFORE, IT IS ORDERED that defendant's motion (R. 259) is DENIED.

Dated at Milwaukee, Wisconsin, this 17th day of December, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[1]Federal Defender Services, which represented defendant on the May 2015 motion, declined to supplement the December 2015 pro se motion.